UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

           v.                                                    1:06-CR-357
                                                          (FJS)

ROSETTA CALCARA,

                      **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>218 James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, New York 12207-2924<br>Attorneys for the United States | **THOMAS A. CAPEZZA, AUSA** |
| **OFFICE OF E. STEWART JONES, JR.**<br>Jones Building<br>28 Second Street<br>Troy, New York 12180<br>Attorneys for Defendant | **E. STEWART JONES, JR., ESQ.**<br>**GEORGE E. LAMARCHE III, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court is Defendant's omnibus motion, in which she seeks (1) an Order, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, suppressing all evidence obtained as a result of her unlawful arrest or, in the alternative, granting her a probable cause hearing; and (2) an Order, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, suppressing statements obtained from her following her seizure on the basis that the Government obtained those statements from her involuntarily and in violation of her constitutional rights or, in the alternative, granting her a hearing to determine the validity of those statements.

The Court heard oral argument in support of, and in opposition to, this motion on March 19, 2007, and ruled, at that time, that Defendant was properly arrested and reserved on the remainder of the motion. *See* Dkt. No. 21. The Court also instructed counsel to submit a list of the statements that Defendant made post-arrest. *See id.*

In compliance with the Court's instructions, Defendant's counsel submitted a list of fourteen statements and asked the Government to clarify "those statements that occurred pre-arrest, pre-*Miranda*, and those statements that were made post-arrest and post-*Miranda*." *See* Dkt. 22 at 1. In response, the Government stated that Defendant made the following statements post-arrest and post-*Miranda*:

> **Statement 6:** Defendant claimed that she understood the monetary reporting requirement but thought that three people in the vehicle could divide the money without reporting it.
>
> **Statement 7:** Defendant stated that she and her other passengers were traveling to Ft. Lauderdale to play at the Casino and visit Norman Martineau.
>
> **Statement 8:** Defendant claimed that the money was generated from winnings from "Montreal Casino" over a two- to three-month period.
>
> **Statement 9:** Defendant claimed that the money was Norman Martineau's and that Martineau instructed her to divide the money among the three people to get the money across the border.
>
> **Statement 10:** Defendant discussed Mr. Martineau's business and claimed that she worked for him, giving his business address in Montreal as Defendant's home address.
>
> **Statement 11:** Defendant responded to questions about transferring money electronically and claimed that Martineau wanted to do so through a company KITKO but did not explain why he did not wire the money.

>    **Statement 13:** Defendant claimed that all the money was Mr. Martineau's.
>
>    **Statement 14:** Defendant claimed that Mr. Martineau was not involved in narcotics.

*See* Dkt. No. 23.[1]

With respect to these post-arrest statements, the issue that the Court must decide is whether Defendant voluntarily and knowingly waived her *Miranda* rights. Defendant contends that she did not voluntarily and intelligently waive her *Miranda* rights. *See* Defendant's Memorandum of Law at 13. Specifically, she states that "deception, coupled with threats and inducements, were utilized in order to encourage [her] to give statements to the investigating agents. Such conduct is impermissibly coercive and, therefore, resulted in involuntary statements." *See id.*

To the contrary the Government argues that the agents did not take advantage of Defendant's "inability to speak and understand the English language" and that, in fact, Defendant "was given a *Customs Declaration Form* in French and a *Waiver of Rights Form*, also in French . . . ." *See* Government's Response at 1. The Government also asserts that Defendant "was able to converse in English [and] there is no record of [her] needing an interpreter during her March 1, 2006 detention hearing." *See id.*

In light of this factual dispute regarding the circumstances under which Defendant waived her *Miranda* rights, the Court cannot determine whether Defendant's post-arrest and post-

---

[1] The Government clarified that the other statements that Defendant had identified were made "during inspection, pre-arrest and pre-*Miranda*." *See* Dkt. No. 23. Since the Court has already determined that Defendant's arrest was legal, the Court does not need to be concerned with the statements that Defendant made prior to her arrest.

*Miranda* statements should be suppressed. Accordingly, the Court hereby

**ORDERS** that Defendant's motion for an Order, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, suppressing all evidence obtained as a result of her arrest or, in the alternative, granting her a probable cause hearing is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for an Order, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, suppressing statements obtained from her following her arrest is **RESERVED**; and the Court further

**ORDERS** that the parties shall appear for a suppression hearing on **Tuesday, August 7, 2007**, at **2:30 p.m.** at the **James T. Foley U.S. Courthouse** in **Albany, New York**, to present evidence regarding the circumstances of Defendant's interrogation after her arrest and her understanding of the Waiver of Rights Form that she signed; and the Court further

**ORDERS** that the parties shall file and serve the list of witnesses whom they intend to call at the hearing and the list of exhibits that they intend to offer into evidence at that hearing on or before **Tuesday, July 31, 2007**.

**IT IS SO ORDERED.**

Dated: May 24, 2007
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge